**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3992
_____

IN RE:  RAHMAN R. FULTON,
                                                            Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 2-13-cr-00261 & Civ. No. 2-18-cv-16526)

_____

Submitted Pursuant to Fed. R. App. P. 21
January 16, 2020
Before:  RESTREPO, PORTER, and NYGAARD, Circuit Judges

(Opinion filed: January 27, 2020)

_____

OPINION*
_____

PER CURIAM

Pro se petitioner Rahman Fulton seeks a writ of mandamus to compel the District

Court to rule on a motion he filed pursuant to 28 U.S.C. § 2255.  By order entered on

January 13, 2020, the District Court denied his motion and declined to issue a certificate

of appealability.  In light of the District Court's action, Fulton's mandamus petition no

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

longer presents a live controversy. Therefore, we will dismiss it as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

If Fulton wishes to seek appellate review of the District Court's decision with respect to his § 2255 motion, he should file a notice of appeal in the District Court within the time period set forth in Fed. R. App. P. 4(a)(1)(B).